IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02077-LTB

MICHAEL SALVATORE PARRINO,

    Applicant,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

    Applicant, Michael Salvatore Parrino, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Parrino has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Larimer County District Court case number 00CR996. On August 4, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On August 15, 2014, Respondents filed a Pre-Answer Response (ECF No. 8) arguing that claim one is unexhausted, claim two is not cognizable and anticipatorily defaulted, and claim three is anticipatorily defaulted. Respondents concede that the instant action is timely. On September 3, 2014, Mr. Parrino filed "Habeas Applicant's Reply to Respondent's

Pre-Show Cause Answer" (ECF No. 9) ("the Reply").

The Court must construe the Application and other papers filed by Mr. Parrino liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The factual background of Mr. Parino's crimes and convictions was summarized by the Colorado Court of Appeals in state court postconviction proceedings as follows:

> Defendant was convicted of aggravated robbery, three counts of first degree assault of a police officer, first degree criminal trespass, and menacing, arising from an armed robbery of a convenience store. As defendant left the store, he exchanged gunfire with the responding officers. The court sentenced him to four consecutive twenty-two-year terms of imprisonment on the robbery and assault counts, pursuant to section 18-1.3-406, C.R.S. 2012 (formerly § 16-11-309), and to two terms of three years imprisonment on the menacing and trespassing counts, to run concurrently with the consecutive terms. Defendant's convictions and sentences were affirmed on direct appeal.

*People v. Parrino*, No. 10CA1576, slip op. at 1 (Colo. App. Jan. 3, 2013) (ECF No. 8-4 at 3.) On March 7, 2005, the Colorado Supreme Court denied Mr. Parrino's petition for writ of certiorari on direct appeal. (*See* ECF No. 8-11 at 2.)

On June 6, 2005, Mr. Parrino filed in the trial court a postconviction motion pursuant to Colorado Crim. P. Rule 35(c), asserting ineffective assistance of counsel. (*See* ECF No. 9-1 at 25; ECF No. 8-8 at 3.) On June 16, 2005, the trial court summarily denied the Rule 35(c) motion. (*See* ECF No. 8-10 at 2.) On February 1, 2007, the Colorado Court of Appeals affirmed in part, reversed in part, and remanded with

directions.  (*See* ECF No. 8-8.)  The Colorado Court of Appeals concluded that a remand was warranted for the trial court to hold an evidentiary hearing on whether Mr. Parrino's trial counsel was ineffective because he labored under a conflict of interest and to make findings of fact and conclusions of law.  (*Id.* at 4.)

Mr. Parrino was appointed alternate defense counsel to represent him during the remand proceedings.  (ECF No. 8-8 at 8-9; ECF No. 8-4 at 4.)  Following an evidentiary hearing on the alleged conflict of interest, the trial court issued a written order denying Mr. Parrino's motion for postconviction relief, finding that Mr. Parrino's ineffective assistance of counsel claims lacked merit.  (*See* ECF No. 8-7.)  The trial court further concluded that even if counsel's performance was deficient, Mr. Parrino failed to show he suffered any prejudice as a result because he failed to prove that the prosecution extended the twenty-five-year plea offer during counsel's representation, that the prosecution would have extended such an offer, or that Mr. Parrino would have accepted such an offer.  (*Id.*)  Mr. Parrino appealed, and the Colorado Court of Appeals affirmed the trial court's denial of his Rule 35(c) motion on January 3, 2013.  (*See* ECF No. 8-4.)  On August 5, 2013, the Colorado Supreme Court denied Mr. Parrino's petition for writ of certiorari in the state court postconviction proceedings.  (*See* ECF No. 8-2 at 2.)

On July 25, 2014, Mr. Parrino filed his § 2254 Application asserting three claims for relief.  In claim one, Mr. Parrino contends that he received ineffective assistance of trial counsel based upon a financial conflict of interest.  (ECF No. 1 at 5, 9-11.)  In claim two, he asserts that he received ineffective assistance of postconviction counsel because counsel "deliberately sabotag[ed] my State Evidentiary Hearing."  (*Id.* at 12-

17.) He explains that claim two is not an "official claim" but rather an "exception for a federal evidentiary hearing" in this Court. (*Id.*) In claim two, Mr. Parrino also contends that the prosecution engaged in misconduct during the remand proceedings. (*Id.*) In claim three, Mr. Parrino alleges he is innocent of one of the counts for assault on a peace officer because his conviction for two counts of assault on one peace officer was "duplicitous." (*Id.* at 18.)

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A. Claim 1**

As noted above, Mr. Parrino contends that trial counsel provided ineffective assistance of counsel by preventing Mr. Parrino from accepting a 25-year plea agreement because counsel wanted to earn more money by litigating the case at trial. Respondents argue that claim 1 is not exhausted because, although the Colorado Court of Appeals resolved the claim in the postconviction proceedings, Mr. Perrino did not include the claim in his postconviction petition for writ of certiorari to the Colorado Supreme Court.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As noted above, Respondents concede that the Colorado Court of Appeals denied relief on the claim.

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. Therefore, the Court

finds that claim 1 is exhausted.

**B. Claim 2**

Mr. Parrino alleges that claim 2 is "not an official claim" but rather a "Cause and Prejudice Exception to the Applicant's failure to develop the factual basis of his Federal Constitutional Claim of ineffective assistance of trial counsel due to a financial conflict of interest." (ECF No. 1 at 11-12.) Within claim 2, Mr. Parrino challenges the conduct of both postconviction counsel and the prosecution during postconviction remand proceedings. Respondents contend that claim 2 is not cognizable as a federal habeas claim and that the claim is anticipatorily defaulted.

The Court disagrees with Respondents' attempt to characterize claim 2 as a substantive claim for habeas relief. Construed liberally, the allegations within claim 2 offer grounds for Mr. Parrino's request for an evidentiary hearing by this Court in relation to claim 1. Until the Application has passed initial judicial review, Mr. Parrino's request for an evidentiary hearing under 28 U.S.C. § 2254(e)(2) will be denied as premature.

**C. Claim 3**

Mr. Parrino argues in claim 3 that his two convictions for assault upon a peace officer were "duplicitous." The Court liberally construes the allegations in claim 3 as asserting a double jeopardy claim. Respondents contend that claim 3 is unexhausted because although he raised a similar claim on direct appeal, he did not fairly present the claim as a federal constitutional claim in the Colorado Court of Appeals.

The Court has reviewed Mr. Parrino's opening brief on direct appeal and finds that the claim regarding his convictions for two counts of assault were not labeled or otherwise identified as a federal claim. Thus, Mr. Parrino does not demonstrate that he

fairly presented claim 3 to the Colorado Court of Appeals as a federal constitutional claim. Therefore, the Court finds that Mr. Parrino fails to satisfy his burden of demonstrating claim 3 is exhausted.

### IV. PROCEDURAL DEFAULT

Although Mr. Parrino failed to exhaust state remedies for claim 3, the Court may not dismiss claim 3 for failure to exhaust state remedies if Mr. Parrino no longer has an adequate and effective state remedy available to him. See *Castille*, 489 U.S. at 351. Respondents contend that Mr. Parrino no longer has an adequate and effective state remedy available to him, and that claim 3 is anticipatorily defaulted because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure bars Mr. Parrino from raising claim 3 in a new postconviction motion. Rule 35(c)(3)(VII) provides that, with limited exceptions not applicable to Mr. Parrino's claim 3, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Thus, it is clear that Mr. Parrino may not return to state court to pursue his unexhausted claim.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if the unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. See *Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Parrino's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Parrino fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion). Therefore, claim 3 is procedurally defaulted and cannot be considered unless Mr. Parrino demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Parrino must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis

for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Parrino can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.

Mr. Parrino makes no attempt to demonstrate cause and prejudice with respect to claim 3.  However, he may be contending that a failure to consider claim 3 will result in a fundamental miscarriage of justice because he asserts his "actual innocence to duplicitous counts."

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.  Mr. Mendoza's conclusory assertion that he is innocent is not sufficient to demonstrate the existence of a fundamental miscarriage of justice because he fails to offer new evidence of actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial").  Therefore, claim 3 is procedurally barred and must be dismissed.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense.  The Court rejects Respondents' argument that claim 1 is unexhausted.  The Court also rejects Respondents' argument that claim 2 is not cognizable as a federal claim and is anticipatorily defaulted because claim 2 is not an

actual claim but rather a request for an evidentiary hearing.  Finally, claim 3 will be dismissed as unexhausted and procedurally barred.  Accordingly, it is

**ORDERED** that claim 3 in the Application is DISMISSED because the claim is unexhausted and procedurally barred.  It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim.  It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED December 29, 2014.

**BY THE COURT**:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court